UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARTY FITZGERALD,

Plaintiffs,

v.

LPN GREG MARTIN, *et al.*,

Defendants.

Case No. 3:17-cv-00278-MMD-WGC

ORDER

**I.　SUMMARY**

This is a civil rights case under 42 U.S.C. § 1983 brought by an individual, Plaintiff Marty Fitzgerald, who is incarcerated in the Nevada Department of Corrections ("NDOC"). Before the Court is Plaintiff's motion for appointment of counsel ("Motion"). (ECF No. 20.) For the following reasons, the Court grants Plaintiff's Motion.

**II.　BACKGROUND**

The following facts and allegations are taken from Plaintiff's Second Amended Complaint ("SAC") (ECF No. 14) unless otherwise indicated.

Plaintiff sues multiple defendants for events that took place at High Desert State Prison ("HDSP") and Ely State Prison ("ESP"). (*Id.* at 1-3.) Plaintiff sues Romeo Aranas, Michael Koehn, James Dzurenda, Renee Baker, D.A. Jones, G. Carpenter, and Greg Martin. (*Id.*) Plaintiff alleges two counts and seeks monetary damages, declaratory relief, and injunctive relief. (*Id.* at 7-8, 13.)

Plaintiff alleges that he has been diagnosed with two damaged discs in his neck and a compression fracture in his back, spinal stenosis, and cervical arthritis. (*Id.* at 4.) Because his hepatitis B has not been treated, it now has risen to the level of hepatitis C.

(*Id.* at 5.) These medical conditions are causing Plaintiff "extreme discomfort, pain and suffering." (*Id.* at 4.) A specialist has recommended surgery for his spine, but he has not received surgery, which could lead to further injury and paralysis. (*Id.* at 5.) Plaintiff is suffering increased liver damage due to the lack of treatment for his hepatitis. (*Id.*) Plaintiff alleges that each of the Defendants has denied him the treatments needed for his spinal condition and hepatitis and are interfering with the specialist's medical care. (*Id.* at 7, 8.) He alleges two counts. (*Id.*)

After screening, the Court allowed the following claims to proceed: Eighth Amendment claims for deliberate indifference to serious medical needs and Fourteenth Amendment equal protection claims based on his spinal condition and hepatitis. (ECF No. 21 at 9.)

## III. LEGAL STANDARD

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

## IV. DISCUSSION

Plaintiff asserts that he is entitled to appointment of counsel because he "was severly [sic] lead poisened [sic] as a child AND [sic] has learning disabilities as a result." (ECF No. 20 at 2.) Plaintiff also alleges he "is severly [sic] emotionally handicapped." (*Id.*) In support of this allegation, Plaintiff attaches to his motion several psychological and psychiatric reports. (*Id.* at 5-35.) Plaintiff also asserts he is "not legaly [sic] educated and struggles to understand the language." (*Id.* at 2.)

Extraordinary circumstances exist in this case to warrant the appointment of counsel. First, Plaintiff's case presents complex legal and medical issues related to hepatitis C and his spinal condition, and it is clear that Plaintiff has little ability to articulate his claims. For instance, Plaintiff erroneously believes that hepatitis B, left untreated, progresses into hepatitis C. (*See* ECF No. 14 at 5.) Furthermore, "[w]ithout counsel and while incarcerated, [Plaintiff is] expected to locate a medical expert willing to submit an affidavit on his behalf, manage discovery for his multi-party multi-claim lawsuit, and conduct a full trial." *Clemons v. Hill*, 743 F. App'x 885, 886 (9th Cir. 2018). These circumstances, considered collectively, suggest a finding of exceptional circumstances.

Second, there is at least some likelihood of success on the merits. Plaintiff alleges that he has been denied life-saving treatment for his hepatitis C as well as treatment for his spinal condition. Plaintiff's claims do not appear to be trivial or frivolous. In light of the serious complexity of the issues in Plaintiff's case and his inability to articulate his claims, Plaintiff has shown sufficient likelihood of success to warrant appointment of counsel.

Third, Plaintiff's *pro se* SAC, which must be liberally construed, suggests that Plaintiff is challenging NDOC's policy of refusing curative treatment for hepatitis C. (*See* ECF No. 14 at 6 ("Based upon the costs that the NDOC will incure [sic] if Plaintiff was property treated with the necessary surgical and medical care recommended, [t]he NDOC has denied the care due to its budget, and has allowed Plaintiff to continue the pain and suffering despite his pleas for help.").) Given that numerous incarcerated

1 individuals currently are challenging NDOC's policy for treating hepatitis C,[1] the Court
2 finds that extraordinary circumstances exist in this case to warrant appointment of
3 counsel.
4     Accordingly, the Court will grant Plaintiff's Motion.

**V. CONCLUSION**

It is therefore ordered that Plaintiff's motion for appointment of counsel (ECF No. 20) is granted. The Court refers this case to the Pro Bono Program ("Program") adopted in General Order 2017-07 for appointment of counsel willing to be appointed as pro bono counsel for Plaintiff. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

It is further ordered that the Clerk forward this order to the Pro Bono Liaison.

DATED THIS 4th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, *Williams v. Aranas*, Case No. 3:16-cv-00759-MMD-CBC; *D'Agostino v. Gedney*, Case No. 3-18-cv-337-MMD-CBC.