UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARTY FITZGERALD,<br><br>                Plaintiff,<br>v.<br>LPN GREG MARTIN, *et al.*,<br><br>                Defendants. | Case No. 3:17-cv-00278-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Marty Fitzgerald brings this civil rights action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 154), recommending that (1) Defendants' motion for summary judgment be granted, (2) Fitzgerald's motions for preliminary injunction and for substitution of parties be denied as moot, and (3) Fitzgerald's cross-motion for summary judgment be denied as untimely.[1] Plaintiff had until June 16, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R in full and will close this case.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*

---

[1] The Court notes that Judge Baldwin ordered Defendants not to file a response to Fitzgerald's cross-motion for summary judgment unless or until ordered by the court. (ECF No. 150.) Fitzgerald filed an objection. (ECF No. 151.) In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). The Court, having reviewed the objection and the record in this case, finds that Judge Baldwin did not clearly err as the court has inherent authority and discretion to control its own docket. *See Ready Transp., Inc. v. AAR Mfg.*, Inc., 627 F.3d 402, 404 (9th Cir. 2010). As such, Fitzgerald's objection is overruled.

*v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends that Defendants' motion for summary judgment be granted because Fitzgerald has failed to meet his burden and has not offered evidence to create an issue of fact as to whether Defendants were deliberately indifferent to his medical needs. (ECF No. 154 at 14-15.) Fitzgerald has also failed to offer evidence that any Defendants acted with an intent or purpose to discriminate against him based on his membership in a protect class. (*Id.* at 15-16.) In light of these recommendations, Fitzgerald's motions for preliminary injunction and for substitution of parties should be denied as moot. (*Id.* at 16.) Moreover, Fitzgerald's cross-motion for summary judgment should be denied as it was filed after the dispositive motion deadline. (*Id.*) The Court agrees with Judge Baldwin.[2] Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 154) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 103) is granted.

It is further ordered that Plaintiff Marty Fitzgerald's motion for preliminary injunction (ECF No. 128) is denied as moot.

It is further ordered that Fitzgerald's motion for substitution of parties (ECF No. 131) is denied as moot.

---

[2]The Court further finds that Fitzgerlad's motion should be denied as moot in light of the Court agreeing that summary judgment be entered in Defendants' favor.

2

1 | It is further ordered that Fitzgerald's cross-motion for summary judgment (ECF No. 149) is denied as untimely.

It is further ordered that Fitzgerald's objection (ECF No. 151) to the May 10, 2022 order (ECF No. 150) is overruled.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 8th Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE